

*1036823353*

ORIGINAL

IN DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

LYLE MOFFITT & NAKITA MOFFITT,   )
                                 )
      Plaintiffs,          )
vs.                           )  Case No. **CJ-2017-02115**
                                 )
(1)  STATE FARM FIRE & CASUALTY,  )  Caroline Wall
COMPANY, a foreign corporation,      )
                                 )
      Defendant.         )

DISTRICT COURT
**F I L E D**

MAY 3 1 2017

**PETITION**

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

COME NOW the Plaintiff, Plaintiffs, by and through their undersigned counsel, Scott L.

Tully of The Tully Law Firm, and for their cause of action against Defendant, state as follows:

1.    The Plaintiffs are residents of Tulsa County, State of Oklahoma.

2.    The Defendant, State Farm Fire & Casualty Company is an insurance company with its
principal place of business in Bloomington, Illinois, and regularly does business in the
State of Oklahoma.

3.    There exists complete diversity of citizenship between the parties and a dispute involving
an amount in controversy exceeding $75,0000.00.

4.    Venue is proper with this Court as all events giving rise to the causes of action contained
herein occurred in Tulsa County, State of Oklahoma.



**EXHIBIT 1**

5. Plaintiffs applied for, and purchased, a homeowner insurance policy from Defendant prior to their loss on or about August 1, 2015.

6. Plaintiffs were insured with Defendant for over fifty (50) years prior to this loss.

7. Plaintiffs sustained a theft, or mysterious disappearance, of silverware on or about August 1, 2015.

8. Plaintiff's filed a police report regarding the loss with the Tulsa Police Department (Exhibit 1).

9. Defendant issued policy number 36-64-3603-6 to Plaintiffs, which provides certain benefits in the event of a homeowners loss, including theft and mysterious disappearance, under Coverage B, and said policy was in effect at the time of loss.

10. Following the loss on or about August 1, 2015, Plaintiffs filed the requisite paperwork, and notified Defendant of the loss to collect the proceeds and benefits due and under the homeowner policy issued by Defendant.

11. Plaintiffs submitted a claim for loss on September 21, 2015 to Defendant.

12. Upon making presentation of the claim, Defendant failed to fully pay benefits due and owing under the policy, including compensation for loss of silverware.

13. On October 2, 2015, State Farm adjuster, Kashiba Butler, sent a letter to Plaintiffs indicating that the loss was not covered because it was a theft committed by a person regularly residing at the insured location under Section 1, Coverage B number 9 (b)(1) of the policy (Exhibit 2).

**EXHIBIT 1**

14. Defendant sent a letter dated October 11, 2016 canceling Plaintiffs' insurance policy effective November 15, 2016 over a claims loss history totaling $1,777.41 over a 16 year period (Exhibit 3).

15. On October 25, 2016 Tully Law Firm advised Defendant of representation of the Plaintiffs and requested claims information as well as a certified copy of the applicable policy (Exhibit 4).

16. On October 27, 2016, Defendant sent a letter to Plaintiff counsel attaching it's denial letter and certified copy of the policy (Exhibit 5).

17. On November 7, 2016, Plaintiff's counsel sent a letter to Defendant stating why it's denial of this loss was incorrect (Exhibit 6).

18. On December 8, 2016 Defendant's manager sent a letter directly to Plaintiffs, without copying Plaintiff counsel, requesting information pertaining to the claim, specifically a complete police report without items blacked out (Exhibit 7).

19. On December 17, 2016 Defendant sent a letter directly to Plaintiffs' counsel, requesting the same information pertaining to the claim as referenced in number 18 herein (Exhibit 8).

20. On January 5, 2017, counsel for Plaintiffs sent a fax to Defendant reminding Defendant that Plaintiffs were represented, and requesting full payment of the claim (Exhibit 9).

21. On January 23, 2017 Defendant sent a letter reiterating its position of denying the loss submitted by Plaintiffs for the same reasons (Exhibit 10).

**EXHIBIT 1**

22. In Defendant's January 23, 2017 letter they referenced taking a statement of Nakita Moffitt in reaching their claims decision.

23. Plaintiff's counsel requested, once again, all recorded statements taken of Plaintiffs by Defendant.

24. By way of letter dated March 22, 2017, Defendant advised that they did not have any recorded statements of Plaintiffs (Exhibit 11).

25. Defendant, through its agents and representatives, has failed to comply with the requests of Plaintiff's counsel, although the requests were not privileged, nor proprietary in any manner.

26. To date, State Farm has not issued payment for the loss sustained by Plaintiffs on our about August 1, 2015

## COUNT I:  BREACH OF CONTRACT

27. Plaintiffs reassert and restate the allegations set forth in paragraphs 1-26 as if fully set forth herein.

28. Plaintiffs allege Defendant improperly breached the insurance contract by failing to fully pay benefits due thereunder and improperly denying claim.

29. Defendant has also failed to provide requested documentation to its own insured that is not privileged, nor proprietary.

30. Plaintiffs have suffered economic and emotional damages as a result of this breach of contract.

**EXHIBIT 1**

## COUNT II: BAD FAITH AND BREACH OF THE DUTY OF GOOD FAITH

## CLAIM HANDLING

31. Plaintiffs reassert and restate the allegations set forth in paragraphs 1-30 as if fully set forth herein.

32. The improper refusal to pay policy benefits and failure to properly and thoroughly investigate Plaintiffs' claim by Defendant exhibits a lack of good faith claims handling.

33. Defendant has delayed and denied proper payment to Plaintiff for this loss.

34. Plaintiff has had bad faith expert Richard N. Cary review the materials of this claim, and opines that Defendant's conduct has risen to the level of bad faith (See Exhibit 12).

35. The refusal to properly pay policy benefits by Defendant exhibits bad faith claims handling conduct contrary to the laws of Oklahoma.

WHEREFORE, premises considered, Plaintiffs respectfully request  this Court grant Plaintiffs judgment for all policy benefits together with punitive damages in excess of $75,000.00, along with any other such further relief as the Court deems just and reasonable including, but not limited to, reasonable attorney fees and costs and all other relief of any type or nature to which Plaintiffs may be entitled.

Respectfully submitted,

Scott L. Tully    OBA#13606
P.O. Box 2141
Broken Arrow, OK 74011
(918) 872-8800
(866) 224-2303  Fax
tullylawfirm@gmail.com

**EXHIBIT 1**

ATTORNEY LIEN CLAIMED

**EXHIBIT 1**

1

**EXHIBIT 1**

## TULSA POLICE DEPARTMENT SUMMARY INCIDENT REPORT

### REPORT NUMBER: 2015046850



### INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL SUPP | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|
| 6CI | Larceny < $50 All Others | | X | 07/28/2015 02:00 PM | 07/31/2015 10:00 PM | 08/01/2015 02:15 PM |
| REPORT FILED FROM | TRACKING NUMBER | | LOCATION OF OCCURRENCE | | | APPROVED BY: |
| *** | T15007536 | | 1543 South Evanston AVENUE, Tulsa, OK | | | 20111/L Steward |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| Residence | Other | Pass Key | Pass Key | Entry Door | Door | Front |

### PERSON LISTINGS

|   | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | IV / Moffitt | Lyle | Gene | *** | | | | |
| | SSN *** | ETHNICITY | RESIDENT | EYE COLOR *** | HAIR COLOR *** | AGE | HEIGHT 509 | WEIGHT 190 | CELL PHONE *** |
| | EMAIL nlmoffitt@att.net | | RESIDENCE ADDRESS *** | | | | | HOME PHONE *** |
| | EMPLOYER NAME retired | | BUSINESS ADDRESS *** | | | | | WORK PHONE |

|   | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|
| 2 | SUS / Campbell | Phillip | | | *** | * | *** | *** |
| | SSN | ETHNICITY | RESIDENT *** | EYE COLOR *** | HAIR COLOR *** | AGE 34 | HEIGHT 601 | WEIGHT 180 | CELL PHONE |
| | EMAIL | | RESIDENCE ADDRESS *** | | | | | HOME PHONE |
| | EMPLOYER NAME | | BUSINESS ADDRESS *** | | | | | WORK PHONE |

### PROPERTY LISTINGS

|   | INVL | ITEM | QUANTITY | BRAND | MODEL |
|---|---|---|---|---|---|
| 1 | S | Household Goods | 1 | | |
| | SERIAL NO | | OWNER APPLIED NO | COLOR | MKT VALUE $ 5.00 | DMG VALUE $ |
| | DESCRIPTION | | | | | |
| | SILVERWARE CHEST AND SETTINGS | | | | | |

### NARRATIVE

Phillip had been living with us, and all of a sudden he is not around.  Last night we checked in a closet for our silverware and found it missing.  Therefore, he is a suspect in our mind.  Our silver chest with place settings for 12 plus extra serving pieces and 6 serving pieces made of melted Confederate coins with the name "Davis" was missing.  We have started checking the pawn shops.

I am willing to prosecute.

Person [Phillip Campbell]:

---

Report Created On 08/07/2015 06:38 AM

**EXHIBIT 1**

**REPORT NUMBER: 2015046850**

- Description = [Tattoo on forearm]

2

**EXHIBIT 1**



October 2, 2015


LYLE MOFFITT
NAKITA MOFFITT
1543 S EVANSTON AVE
TULSA OK 74104

State Farm Insurance Companies
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3646


RE:   Claim Number:                36-730M-493
      Policy Number:               36-64-3603-6
      Location of Insured Property: 1543 South Evanston Avenue
                                    Tulsa, OK 74104
      Type of Policy:              Homeowners Policy FP-7945
      Date of Loss:                August 1, 2015

Dear Mr. and Mrs. Moffitt:

Thank you for the opportunity to review your claim.  As we discussed during our telephone conversation of Tuesday, September 21, 2015, your Homeowners Policy provides coverage on a named peril basis for personal property losses, subject to policy provisions and conditions.

Your policy reads in part as follows:

**SECTION I - LOSSES INSURED**

**COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

   9.   **Theft**, including attempted theft and loss of property from a known location when it is probable that the property has been stolen.

        This peril does not include:

        b.   loss caused by theft:

             (1)   committed by an **insured** or by any other person regularly residing on the **insured location**. Property of a student who is an **insured** is covered while located at a residence away from home, if the theft is committed by a person who is not an **insured**;

**EXHIBIT 1**

LYLE MOFFITT
NAKITA MOFFITT
36-730M-493
Page 2

The Company does not intend, by this letter, to waive any policy defenses in addition to those stated above and reserves its rights to assert such additional policy defenses at this time.

You are a valued policyholder and we appreciate your business. If you have any additional information regarding your claim which has not been previously considered, or if you desire any additional explanation regarding this matter please contact State Farm at 844-458-4300 x11.

Sincerely,

Kashiba ButlerClaim Specialist
844 529 5982 ext 11
statefarmfireclaims@statefarm.com
State Farm Fire and Casualty Company

cc:     Kenneth F Shoemaker, #1921

**EXHIBIT 1**

3

**EXHIBIT 1**



Columbia Operations Center
4700 South Providence Road
Columbia, Missouri 65217-0001

October 11, 2016

MOFFITT, LYLE G & NAKITA
1543 S EVANSTON AVE
TULSA OK  74104-5238

RE: Policy Number:   36-99-1118-9     9 M
    Policy Type:     Personal Articles Policy
    Location:        1543 S Evanston Ave
                     Tulsa OK
                     74104-5238

    EXPIRATION DATE: November 15, 2016 12:01 A.M.

Dear Policyholder(s):

Although it is regrettable when a policy cannot be continued, we are
unable under the circumstances to continue this coverage.  This policy
will not be renewed when it expires November 15, 2016.

We are unable to continue coverage due to the loss history.

| DATE | AMOUNT PAID | CAUSE |
|------|-------------|-------|
| 06-30-15 | $179.46 | Mysterious disappearance |
| 11-17-13 | $535.62 | Mysterious disappearance |
| 06-21-09 | $152.95 | Mysterious disappearance |
| 01-10-03 | $126.98 | Mysterious disappearance |
| 10-11-99 | $782.40 | Theft of personal property |

We encourage you to obtain other insurance to prevent a lapse in
coverage.  Thank you for allowing us to provide your insurance.

Underwriting Department
State Farm Fire and Casualty Company

CC: Ken Shoemaker        1921

*Home Office, Bloomington, IL*

**EXHIBIT 1**

4

EXHIBIT 1

# TULLY LAW FIRM LLC



SCOTT L. TULLY
ATTORNEY AT LAW
2017 S. Elm Place, Suite 107, Broken Arrow, OK 74012

| | |
|---|---|
| P.O. Box 2141 | (918) 872-8800 (W) |
| Broken Arrow, OK 74013-2141 | (918) 845-1874 (C) |
| scott@tullylawfirm.net | (866) 224-2303 (F) |
| | *Also Admitted in Alabama & Iowa |

October 25, 2016

State Farm Insurance
4700 S. Providence Rd
Columbia, Missouri 65217-0001

Fax:   1-888-650-1919

Re:   Claim:   36-730M-493
       Insured:   Lyle Moffitt & Nakita Moffitt
       Reported Loss: 8/1/15
       Loss Location:  1543 S. Evanston Ave., Tulsa, OK 74014

Dear Sir/Madam:

Please be advised that I have been retained as counsel for Lyle and Nakita Moffitt in regard to your handling of their claim to date.  At this time, I am requesting the following within ten days:

1) **All emails between my clients and any representative of State Farm;**
2) **Certified copy of the applicable policy including all endorsements;**
3) **All letters to and from my client;**
4) **All estimates completed on the subject loss;**
5) **All appraisals related to the claim;**
6) **All recorded conversations of any representative of my client;**
7) **All recorded conversations of my clients;**
8) **All photographs taken of the loss by your representatives and/or experts;**
9) **All relevant information used in deciding this claim.**

Thank you for your time and assistance in this matter.

Very truly yours,

Scott L. Tully

**EXHIBIT 1**

5

**EXHIBIT 1**

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

October 27, 2016

Tully Law Firm LLC
2017 S Elm Pl Ste 107
Broken Arrow OK 74012-7034

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

**CERTIFIED MAIL: RETURN RECEIPT REQUESTED**

RE:   Claim Number:        36-730M-493
      Date of Loss:         August 01, 2015
      Our Insured:          Lyle and Nakita Moffitt
      Policy Number:        36-64-3603-6

To Whom It May Concern:

We received your letter of representation for named insured's Lyle and Nakita Moffitt.  I have enclosed a copy of the denial letter sent, which details the decision of denial.  Additionally, I have requested a certified copy of their policy be forwarded to your office.

Sincerely,

Laura Ware
Claim Specialist
(844) 458-4300 Ext. 7403645885
Fax:   (844) 236-3646

State Farm Fire and Casualty Company

Enclosure:    Denial letter

**EXHIBIT 1**

6

**EXHIBIT 1**

# TULLY LAW FIRM LLC



## SCOTT L. TULLY
### ATTORNEY AT LAW
2017 S. Elm Place, Suite 107, Broken Arrow, OK 74012

| | |
|---|---|
| P.O. Box 2141 | (918) 872-8800 (W) |
| Broken Arrow, OK 74013-2141 | (918) 845-1874 (C) |
| scott@tullylawfirm.net | (866) 224-2303 (F) |
| | *Also Admitted in Alabama & Iowa |

November 7, 2016

State Farm Insurance
Attn: Laura Ware
P.O. Box 106169
Atlanta, GA 30348

Fax:    1-888-650-1919
        1-844-236-3646

Re:    Claim Number:      36-730M-493
      Insured:             Lyle Moffitt & Nakita Moffitt
      Date of Loss:        8/1/15
      Policy Number:      36-64-3603-6

Dear Ms. Ware:

Thank you for your letter of October 27, 2016. On October 25, 2016 I sent a letter to State Farm requesting nine different items in order to review the decision to deny the claim presented by your insureds. What I have now received consists of the October 2, 2015 denial letter and a certified copy of the policy. Suffice it to say that the denial letter is less than specific regarding the reasons for the denial. There are no facts referenced by State Farm to reach its conclusion to deny under Coverage B 9 b.(1).

My review of what has been provided to me by the insureds indicates that a theft was reported with suspicions of a Mr. Campbell being the culprit. It is my understanding that you have taken the recorded statement of the insureds regarding their relationship to Mr. Campbell. The information provided to me does not substantiate that Mr. Campbell was an insured or "any other person regularly residing on the insured location." There is no information that I have been provided that proves that Mr. Campbell was residing at the insured location. A quick check on www.meriam-webster.com reveals the following definitions for reside:

**a :** to be in residence as the incumbent of a benefice or office

**b :** to dwell permanently or continuously : occupy a place as
one's legal domicile

Obviously, section **a** is not applicable for our purposes. Section **b** however is directly on point. There is no information to my knowledge that Mr. Campbell was dwelling permanently or continuously at the

**EXHIBIT 1**

insured location.  Additionally, there is no single piece of evidence to suggest that the insured location was Mr. Campbell's legal domicile.   Unfortunately, the policy written and provided by State Farm does not define "reside" or "regularly residing."  State Farm had every opportunity to define the policy as they deemed fit, yet left this term up to interpretation.  The fact that Mr. Campbell periodically spent the night at the insured location in no way legally binds him as a resident or regularly residing.  In fact, the insureds advised you that Mr. Campbell actually worked in other cities during the week, often went back to where his actual home was with his wife, and hardly ever stayed at their home.  The Moffitts have known Mr. Campbell since he was a child.  Campbell was having marital troubles and simply stayed as a guest from time to time during a brief window of time.

At this time, I am reiterating my request for the information previously requested.  Additionally, please specify **all** facts State Farm has relied upon to deny the claim.  The Moffitts have been insured with State Farm for 55 years and have homeowner claims totaling $1,777.41 in payments during that time.  The Moffitts aren't looking for anything more than what they have paid for.  It should be pointed out that not only are the Moffitts covered under the underlying policy, **they have actually paid more for endorsement OPT SG,** and have for a very long time.  It is the legal obligation of State Farm to interpret all ambiguities of a policy in favor of the insured, as well as to look for coverage.

Please respond to this letter within ten days so that we may get this resolved and your insured properly compensated.

Very truly yours,

Scott L. Tully

**EXHIBIT 1**

7

**EXHIBIT 1**

Providing Insurance and Financial Services
Home Office, Bloomington, IL

 **StateFarm®**

December 08, 2016

Lyle and Nakita Moffitt
1543 S Evanston Ave
Tulsa OK  74104-5238

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED & REGULAR MAIL**

RE:    Claim Number:      36-730M-493
       Date of Loss:       August 01, 2015
       Policy Number:      366436036
       Insured:            Lyle and Nakita Moffitt

Dear Lyle and Nakita Moffitt:

There is a question as to whether State Farm Fire and Casualty Company is obligated to indemnify you under the policy for loss which is alleged to have occurred on or about August 01, 2015, at Residence, because:

        We are in need of the full police report without items blacked out

For this reason(s) and for other reasons which may become known, you are hereby notified that any action taken by State Farm Fire and Casualty Company or its authorized representatives to investigate the cause of loss, determine the amount of loss or damage, or attempt to adjust any claim arising out of the alleged loss shall not waive any of the terms or conditions of the policy of insurance described above, nor shall such action waive any of your rights under the policy. If we do not hear from you to the contrary, we will assume that it is acceptable for us to continue handling the case on these terms.

The Company does not intend, by this letter, to waive any policy defense in addition to those stated above, but specifically reserves its right to assert such additional policy defenses at any time.

**EXHIBIT 1**

36-730M-493
Page 2
December 08, 2016

Sincerely,

Tami Colopy

Tami Colopy
Team Mangaer
844-458-4300 ext. 7403645887
State Farm Fire and Casualty Company


State Farm Fire and Casualty Company

**EXHIBIT 1**

8

**EXHIBIT 1**

2

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

December 17, 2016

Tully Law Firm LLC                              **State Farm Claims**
2017 S Elm Pl Ste 107                           PO Box 106169
Broken Arrow OK 74012                           Atlanta GA 30348-6169

RE:   Claim Number:        36-730M-493
      Named Insured:       Lyle and Nakita Moffitt
      Policy Number:       366436036
      Date of Loss:        August 01, 2015

To Whom it May Concern:

We requested information from you on December 7, 2016 to evaluate your claim. To date, we
have not received the requested information.

We will give your claim further consideration once we receive the items outlined below:

       Complete police report without items blacked out.

As a State Farm® policyholder, you can enjoy the benefits of online registration.  Benefits
include checking the status of your claim online; managing your insurance information and
accounts; and staying connected to State Farm.  Just go to statefarm.com® to get registered.
All you need to complete the process is your State Farm policy or account number, your email
address, and about five minutes.  If you are already registered, thank you!

Sincerely,

Laura Ware
Claim Specialist
(844) 458-4300 Ext. 7403645885
Fax:    (844) 236-3646

State Farm Fire and Casualty Company



**EXHIBIT 1**

9

**EXHIBIT 1**



From: **Scott Tully** scott@tullylawfirm.net
Subject: Claim Number 36-730M-493
Date: January 5, 2017 at 12:33 PM
To: 18886501919@myfax.com

Dear Ms. Ware:

My clients have provided me with your letter of December 8, 2016. I am concerned since I provided notice of representation to State Farm via two different fax numbers for which I have confirmations of receipt sent on November 7, 2016. Additionally, notice was sent to you on October 25, 2016 which also requested certain documentation from you. You personally responded by letter dated October 27, 2016 to my office acknowledging representation.Therefore, please explain why State Farm is communicating directly with my clients by way of letter December 8, 2016, and further more, did not bother to copy me? It is even more troubling that the December 8, 2016 letter was sent by a manager of State Farm to my clients.

At this juncture, State Farm has refused to pay a valid claim, has canceled my clients' insurance and now has disregarded counsel they have obtained. It is this very behavior that concerns my clients when they have been nothing but cooperative. So far, State Farm has only sent me a certified copy of the policy and the denial letter out of nine items I have requested which are in no way confidential or privileged. Please explan to us why State Farm expects for their insureds to fully cooperate in this investigation (which they have), while State Farm does not respond to their requests?

Attached is a copy of the police report that your manager directly requested from my clients. Once again, my clients are providing you with your requested information. Please note that no one has responded to my letter of November 7, 2016 which I requested a response within 10 days. I am hereby requesting a response to my letter once again within 10 days and full payment for this claim. Should I not hear from State Farm in writing, I will instruct my clients to file suit and include the element of bad faith claims handling. We await State Farm's reply.

--
Scott L. Tully
Tully Law Firm LLC
2017 S. Elm Place
Suite 107
P.O. Box 2141
Broken Arrow, OK 74013
(918) 872-8800 (Office)
(918) 845-1874 (Cell)
(866) 224-2303 (Fax)
scott@tullylawfirm.net  email
www.tullylawfirm.net  website
Licensed In Alabama & Oklahoma

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.



Police Report.pdf

**EXHIBIT 1**

10

**EXHIBIT 1**



January 23, 2017

LYLE AND NAKITA MOFFITT
C/O SCOTT L TULLY
TULLY LAW FIRM LLC
2017 S ELM PLC STE 107
BROKEN ARROW OK 74012

**State Farm Insurance Companies**
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE:   Claim Number:      36-730M-493
      Policy Number:     366436036
      Named Insured:     Lyle and Nakita Moffitt
      Loss Location:     1543 South Evanston Avenue
                         Tulsa, OK 74104
      Date of Loss:      August 1, 2015

Dear Mr. and Mrs. Moffitt:

Thank you for the opportunity to review your claim. After further review of your claim, the initial coverage decision of denial has been confirmed.

On September 21, 2015, we spoke with Mrs. Moffitt to review the facts of the claim to determine any potential coverage available from your Homeowners Policy. During this conversation, Mrs. Moffitt advised Philip Campbell had been staying at the loss location "quite a while". Our adjuster requested confirmation of how long Mr. Campbell had been staying at the home and Mrs. Moffitt advised six to seven months. Our adjuster also confirmed that Mr. Campbell had a key to the home.

At the request of your attorney, we have further reviewed the facts of your claim. On January 9, 2017, we received a non-redacted copy of the police report filed. The police report confirms the suspect of this loss to be Philip Campbell. Additionally, the police narrative states "Philip had been living with us". The police report confirms the details provided during our telephone conversation that took place on September 21, 2015, with Mrs. Moffitt.

Your Homeowners Policy, FP-7945, specifically excludes theft losses committed by an insured or by any other person regularly residing at the insured location. For this reason, there is no coverage for your loss. Please review the following policy language to support the denial of your claim.

### SECTION I - LOSSES INSURED

#### COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**.

LYLE AND NAKITA MOFFITT
36-730M-493
Page 2

9.      **Theft**, including attempted theft and loss of property from a known
        location when it is probable that the property has been stolen.

        This peril does not include:

        b.      loss caused by theft:

                (1)     committed by an **insured** or by any other person
                        regularly residing on the **insured location**.
                        Property of a student who is an **insured** is covered
                        while located at a residence away from home, if the
                        theft is committed by a person who is not an
                        **insured**;

You should be aware that your policy contains a provision in Section I - Conditions, regarding
"suit against us". This provision states that any action must be started within one year after the
date of loss or damage; however, in the case of your loss caused by theft, any action against us
must be started within two years from the date of loss or damage.

Although coverage is not available for this loss, we hope to be of assistance should you have
any future claim needs. If you have any additional information regarding this claim which has
not been previously considered, or if you desire any additional explanation, please contact us.

Sincerely,

*L. Ware*

Laura Ware
Claim Specialist
844 458 4300 ext 7403645885
State Farm Fire and Casualty Company

01/330/2509572

cc:     Kenneth Shoemaker
        10115 South Sheridan Road Unit D
        Tulsa, OK 74133

**EXHIBIT 1**

11

**EXHIBIT 1**

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm®**

March 22, 2017

Tully Law Firm Llc
2017 S Elm Pl Ste 107
Broken Arrow OK 74012-7034

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

RE:   Claim Number:   36-730M-493
        Date of Loss:      August 01, 2015
        Our Insured:      Lyle G Moffitt
        Policy Number:   366436036

To Whom It May Concern:

I have received your request for the recorded statement taken from this insured by State Farm Insurance Comnpany.  However, a recorded statement was never obtained,

If you have questions or need assistance, please call us at (844) 458-4300 Ext. 7403645844.

Sincerely,

Vicki McCoy
Claim Specialist
(844) 458-4300 Ext. 7403645844
Fax: (844) 236-3646

State Farm Fire and Casualty Company

**EXHIBIT 1**

12

**EXHIBIT 1**

**Richard N. Cary**
12120 Silver Sun Dr.
Oklahoma City, OK  73162
405-819-8788

April 25, 2017

Mr. Scott Tully, Attorney at Law
P.O. Box 2141
Broken Arrow, OK  74013

(Transmitted by email)

RE:    Moffitt v. State Farm

Dear Mr. Tully:

This will confirm that you asked me to review the claims handling followed by State Farm
Insurance Company in this case to see if the steps and procedures which State Farm followed
were reasonable and in compliance with accepted insurance industry standards.

**Facts & Opinions:**    Mr. & Mrs. Moffitt own a dwelling at 1543 S. Evanston Ave, Tulsa, OK.
The dwelling was insured by State Farm under policy number 36-64-3603-6. Mr. and Mrs.
Moffitt filed a claim for disappearance of silverware.  A claim was set up by State Farm under
claim number 36-730dM-493.

According to Mr. & Mrs. Moffitt, all of their silverware was stored in one location inside their
dwelling.  On or about August 1, 2015 Mrs. Moffitt went to retrieve some of the silverware and
discovered it missing.  A police report was filed.

Phillip Campbell is a family friend and he occasionally stayed with Mr.& Mrs. Moffitt.  When
Mr. & Mrs. filed the police report online, one question asked for a suspect's name so they
entered Mr. Campbell's name as there was no other place to list him.  They never suspected Mr.
Campbell in the disappearance of the silverware and never considered filing charges against Mr.
Campbell. When Mr. Campbell found out his name was on the police report, he told his sister
who, in turn, suggested he contact Mr. & Mrs. Moffitt's State Farm agent to make sure they
knew that he had nothing to do with the disappearance of the silverware and he did contact the
agent.  The police never filed theft charges against Mr. Campbell.

Mr. Campbell was never a resident of their household.  Mr. Campbell maintained his own
residence and he never changed his mailing address.  He never intended to move in with the
Moffitts and he never moved any furniture into their home.

**EXHIBIT 1**

On January 23, 2017 State Farm sent a denial letter to Mr. & Mrs. Moffitt. The reason stated for the denial is theft by a resident of the household.

The term 'mysterious disappearance' means a disappearance that is mysterious. To constitute a mysterious disappearance, the disappearance must be under unknown, puzzling, and baffling circumstances which stir up wonder, curiosity, or speculation, or under circumstances which are difficult to understand or explain. This defines perfectly the claim in question. The silverware was stored in a specific spot in the residence and it is puzzling why it is now missing.

Mysterious disappearance coverage is broad coverage that does not require the insured prove that a theft occurred. In this case, the insured can establish that the silverware was stored in a specific location, it was not loaned out to anyone, and when she went to retrieve it from its stored location it was not there. It is important to note that an insured must pay a higher premium to obtain coverage for mysterious disappearance. Theft is automatically covered under the basic homeowner's policy but if an insured has valuable silverware, jewelry, etc., they can purchase additional insurance which provides for broader coverage than does the homeowners form.

State Farm has taken some information and jumped to the conclusion that Mr. Campbell was a resident of the household and; furthermore, is guilty of theft of the insured's silverware. Neither Mr. & Mrs. Moffitt nor Mr. Campbell will state that Mr. Campbell was ever a resident of their household. They certainly have not alleged, nor will they, that Mr. Campbell stole their contents. Because both of those factors are absent, (Mr. Campbell was not a resident and there is no evidence that he stole the missing items) it means this was always a covered claim for mysterious disappearance and the claim should never have been denied.

Based upon the information that has been furnished me, the claim was not thoroughly investigated and, as a result, State Farm wrongly assumed some things that are not true. State Farm admits they failed to take recorded statements from their insured which is one of the basic elements of investigation that should have been accomplished. From my understanding, they did not obtain a recorded statement from Mr. Campbell either. Every first party claim must be investigated properly and evaluated reasonably and fairly based upon the evidence of the investigation. Failure to do both is unreasonable. Because State Farm failed to conduct a proper investigation and evaluation, the claim was unjustifiably denied.

State Farm failed to consider the reasonable expectations of their insured. Every first party insured should be able to expect their claims will be handled in keeping with good faith and fair dealing and they will be paid promptly all sums which are due and owing under the contract when a legitimate claim is filed. Failure to meet those expectations is unreasonable.

In my opinion, the conduct of State Farm was outside of generally accepted insurance industry standards, did not meet the duty of good faith and fair dealing, and certainly rises to the level of bad faith.

If you have any questions, please do not hesitate to give me a call.

**EXHIBIT 1**

Sincerely,

Richard N. Cary

**EXHIBIT 1**